IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARGY "MEGAN" M. PHELPS-ROPER, | ) ) ) | |
| Plaintiff, | ) ) | 4:10CV3131 |
| v. | ) ) | |
| JON BRUNING, Individually and in his Official Capacity as Attorney General of the State of Nebraska, | ) ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

I held a hearing today on Plaintiff's motion for a temporary restraining order regarding enforcement of Nebraska's flag desecration statute. Both sides were represented by counsel. I took judicial notice of Plaintiff's affidavits and denied Defendant's objections. I also denied Defendant the opportunity to present live testimony (primarily because Plaintiff's counsel was appearing by phone). Defendant provided no counter affidavits.

Applying the now familiar *Dataphase* factors, as modified by *Planned Parenthood Minnesota v. Rounds*, 530 F.3d 724, 731-732 (8th Cir. 2008), I find and conclude that a temporary restraining order should issue. A brief explanation follows.

The challenged statute, Neb. Rev. Stat. § 28-929 (West 2009), provides:

Mutilating a flag; penalty; flag, defined.

(1) A person commits the offense of mutilating a flag if such person intentionally casts contempt or ridicule upon a flag by mutilating, defacing, defiling, burning, or trampling upon such flag.

(2) Flag as used in this section shall mean any flag, ensign, banner, standard, colors, or replica or representation thereof which is an official or commonly recognized symbol of the United States or the State of Nebraska.

(3) Mutilation of a flag is a Class III misdemeanor.

Tomorrow, Plaintiff plans to protest at or near the State Capitol and at a funeral here in Lincoln, Nebraska. She intends to engage in activity that will clearly violate the foregoing statute. Plaintiff is a resident of Topeka, Kansas. She is a member of Westboro Baptist Church (hereinafter WBC.). WBC follows Primitive Baptist and Calvinist doctrines. Based on these doctrines, church members, including Plaintiff, believe that homosexuality is an abomination, integrally related to idolatry, and indicative of the final reprobation of an individual. It follows, according to their beliefs, that acceptance of homosexuality by society prompts divine judgment. They further believe that God is punishing America for the sin of homosexuality and other national policies of sin, by killing Americans, including soldiers.

Plaintiff and other church members have long expressed their religious views by engaging in picketing. They have picketed at churches, theaters, parades, colleges, government buildings, religious conventions, and various other public events that they view as promoting homosexuality, idolatry, and other sin. For many years, they have also picketed near funerals of gay persons, persons who died from AIDS, people whose lifestyles they believe to be sinful but who are touted as heroic upon their death, and people whose actions while alive had supported homosexuality and other activities they consider proud sin. In this regard, Plaintiff and her church believe that one of the great sins of America is idolatry in the form of worshiping the human instead of God and that, in America, this has taken the form of intense worship of the dead, particularly soldiers, and intense worship of the American flag, which occurs in direct connection with the funerals and memorial services of dead soldiers. For all these reasons, Plaintiff and other church members engage in picketing in connection

with the deaths of soldiers and others; and in the course of that picketing make extensive expressive use of the American and other flags.

The Attorney General is apparently unwilling to agree that he will not assist with enforcement of the statute. In the past, a state trooper has suggested to Plaintiff's relative that the statute would be enforced and that such direction came from the Attorney General. With these facts in mind, I now explain why the temporary restraining order must be issued.

First, Plaintiff is likely to prevail on the merits because the Nebraska statute seems clearly to run afoul of two decisions of the United States Supreme Court. *See Texas v. Johnson*, 491 U.S. 397 (1990) (Texas statute criminalizing desecration of the United States flag was unconstitutional as applied to an individual who set a flag on fire during a political demonstration. *Held*: (1) The flag-burning was conduct sufficiently imbued with elements of communication to implicate the First Amendment; (2) the statute was subject to the "most exacting scrutiny" because the state's asserted interest in "preserving the flag as a symbol of free expression" is implicated only when a person's treatment of the flag communicates some message; and (3) the state's asserted interests could not justify the infringement on the demonstrator's First Amendment rights. The statute at issue said: "[a] person commits an offense if he intentionally or knowingly desecrates ... [a] national flag," where "desecrate" meant to "deface, damage, or otherwise physically mistreat in a way that the actor knows will seriously offend one or more persons likely to observe or discover his action."); *United States v. Eichman*, 496 U.S. 310 (1990) (In response to the *Johnson* case, Congress enacted the Flag Protection Act of 1989, which stated, "(a)(1) Whoever knowingly mutilates, defaces, physically defiles, burns, maintains on the floor or ground, or tramples upon any flag of the United States shall be fined under this title or imprisoned for not more than one year, or both. (2) This subsection does not prohibit any conduct consisting of the disposal of a flag when it has become worn or soiled." *Held*: (1) Act must be subjected to the most exacting scrutiny; (2) the

government's interest cannot justify its infringement on First Amendment rights. *Rationale*: Although the Act contains no explicit content-based limitation on the scope of the prohibited conduct, it is clear the government's interest is related to the suppression of free expression and concerned with the content of such expression. The government's desire to preserve the flag as a symbol for certain national ideals is implicated only when a person's treatment of the flag communicates a message to others that is inconsistent with those ideals.  Each of the terms of the statute (mutilates, defaces, physically defiles, tramples) suggests acts likely to damage the flag's symbolic value.  Like the Texas statute involved in *Texas v. Johnson,* the Flag Protection Act "suppresses expression out of concern for its likely communicative impact."  Also, "Punishing desecration of the flag dilutes the very freedom that makes this emblem so revered, and worth revering.")

Second, Plaintiff will suffer irreparable injury if I fail to act because her First Amendment rights will be impaired.  Indeed, those fundamental rights will either be lost entirely for a day because Plaintiff does not express herself in a manner she deems most effective because she fears prosecution or because she expresses herself and therefore subjects herself to prosecution.

Third, there is no harm to Defendant.  He simply will not be allowed to enforce a statute that is almost certainly unconstitutional.

Fourth, while the public may not like the fact that Plaintiff has a constitutional right to dishonor the American flag (or the Nebraska's flag) as a way of expressing herself regarding her religious beliefs, the First Amendment trumps the citizenry's preference for patriotism.

IT IS ORDERED that the motion for a temporary restraining order (filing 2) is granted as provided herein.  Defendant, his officers, agents, servants, employees, and attorneys, or those persons in active concert or participation with them, are prohibited

from enforcing Neb. Rev. Stat. § 28-928 against Plaintiff, while she is engaged in expressive activity on Wednesday, July 7, 2010, from 10:00-10:30 a.m. on public sidewalks or easements near Sheridan Lutheran Church, 6955 Old Cheney Road, Lincoln, Nebraska; and from 11:30 a.m. – 12:30 p.m., on public sidewalks or easements at K Street & 16th Street, Lincoln, Nebraska.  This temporary restraining order will expire on July 20, 2010 unless extended by subsequent order.   No bond is required.

DATED this 6th day of July, 2010 at approximately 4:30 P.M.

BY THE COURT:

*Richard G. Kopf*
United States District Judge