IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARGY M. PHELPS-ROPER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3131 |
| | ) | |
| v. | ) | |
| | ) | |
| JON BRUNING, Individually and in his Official Capacity as Attorney General of the State of Nebraska, COLONEL BRYAN TUMA, Individually and in his Official Capacity as Superintendent of the Nebraska State Patrol, L. KENNETH POLIKOV, Individually and in his Official Capacity as Sarpy County Attorney, LEONARD HOULOOSE, Individually and in his Official Capacity as Chief of the Papillion Police Department, DONALD KLEINE, Individually and in his Official Capacity as Douglas County Attorney, ALEX HAYES, Individually and in his Official Capacity as Chief of the Omaha Police Department, and JOHN STACEY, Individually and in his Official Capacity as Chief of the Bellevue Police Department, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

On this date I held a telephonic hearing at which counsel for all parties entered their appearance. Prior to such hearing, counsel were asked to consider whether in light of the holdings in *Texas v. Johnson*, 491 U.S. 397 (1990) and *United States v. Eichman*, 496 U.S. 310 (1990), I am bound to restrain future enforcement of Neb. Rev. Stat. § 28-928 (making mutilation of a flag a Class III misdemeanor) as applied to Plaintiff Margy "Megan" M. Phelps-Roper and members of her church, so long as they otherwise act peacefully while desecrating the American or Nebraska flag during their religiously motivated protests. (Filings 34, 42, 46.)

At the hearing, Defendants and all of them consented to the issuance of a declaration that the statute, Neb. Rev. Stat. § 28-928, as applied to Plaintiff Margy "Megan" M. Phelps-Roper, is unconstitutional[1]. Defendants and all of them further consented to the issuance of a permanent injunction barring future enforcement of Neb. Rev. Stat. § 28-928 as applied to Plaintiff and members of her church, the Westboro Baptist Church, so long as Plaintiff and members of her church otherwise act peacefully. To be clear, this concession on behalf of the Sarpy County Attorney does not pertain to the pending prosecutions in *State v. Shirley Phelps-Roper* in the Sarpy County Court under Case Nos. CR07-5060 and CR07-5061. Defendants made no other concessions or admissions, and Defendants specifically made no concession or admission regarding attorney fees or costs. Plaintiff accepted Defendants' concessions. I accepted Defendants' concessions and decided that any other matters raised in the amended complaint (filing 19) are now moot.[2]

Therefore,

IT IS ORDERED that:

1. Except for the matters described below, this case is now moot and should be dismissed. However, the Clerk of Court is directed not to terminate this case

---

[1] See Defendants' written consents at Filings 47-51.

[2] I appreciate the candor and civility exhibited by all counsel during these proceedings.

until a final judgment is entered;

2. Pursuant to the holdings in *Texas v. Johnson*, 491 U.S. 397 (1990), and *United States v. Eichman*, 496 U.S. 310 (1990), Neb. Rev. Stat. § 28-928, as applied to Plaintiff Margy "Megan" M. Phelps-Roper, is unconstitutional;

3. Effective today, a permanent injunction is entered against Defendants and their agents, servants, and employees and those acting in concert with them, barring enforcement of Neb. Rev. Stat. § 28-928 as applied to Plaintiff Margy "Megan" M. Phelps-Roper and members of her church, the Westboro Baptist Church, so long as Plaintiff and members of her church otherwise act peacefully while desecrating the American or Nebraska flag during their religiously motivated protests;

4. Entry of final judgment shall be withheld pending resolution of Plaintiff's request for attorney fees and costs;

5. Plaintiff shall file an application for attorney fees and costs pursuant to the Local Rules of the United States District Court for the District of Nebraska within 60 days of the date of this order.  Defendants shall file a response within 60 days thereafter, and Plaintiff shall submit a reply within 15 days thereafter.

DATED this 19th day of July, 2010.

                                                  BY THE COURT:
                                                  *Richard G. Kopf*
                                                  United States District Judge

---

   \*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.